GEORGE T. STONEMAN, as Assignee, etc., of ARTHUR G. GRAY,
under a General Assignment for the Benefit of Creditors,
Respondent, *v.* ARTHUR VAN VECHTEN and WILLIAM B. CLARK-
SON, Appellants.

*Agreement for the delivery of goods to be sold — when the relation of agency ends and*
*that of debtor and creditor begins — set-off in an action thereunder.*

A complaint in an action alleged that the plaintiff's assignor delivered certain
merchandise to the defendants as agents to be sold on account of the assignor,
under an agreement by which they were to pay over to him each month
so much of the price or sum at which said defendants' had made such sales as
would be equal to seventy per cent off the list price fixed upon said merchan-
dise by the said Gray (the assignor), at the time the same was consigned by him
to said defendants, and said defendants were to make such payments monthly
after making such sales, whether the purchaser had or had not paid them for
such purchase; and that the defendants had sold certain merchandise under
such agreement and had refused to render an account.

*Held,* that the agency created by the agreement terminated upon the sale of the
consigned goods by the defendants, and that as to the proceeds of the sale the
relation between the parties was that of debtor and creditor, and not principal
and agent;

That the action did not sound in tort, and that it was error to exclude from con-
sideration a counterclaim pleaded in the answer.

APPEAL by the defendants, Arthur Van Vechten and another,
from a judgment of the Supreme Court in favor of the plaintiff,
entered in the office of the clerk of the county of Albany on the
24th day of February, 1899, upon the report of a referee.

*Thomas A. Stoddart,* for the appellants.

*Samuel S. Hatt,* for the respondent.

KELLOGG, J. :

This is an appeal from a judgment, rendered in favor of the plain-
tiff upon the findings of a referee. The questions for review relate
solely to the nature of the action. If the action is *ex delicto*, and is
supported by the proofs in that character, then the judgment is right
and the referee committed no error in excluding from consideration

the counterclaim pleaded in the defendants' answer and replied to by the plaintiff.

If the complaint sounds in tort and the proof establishes a contract relation only, then the judgment is wrong. If the complaint can be properly construed as declaring upon contract, then the referee should have considered the counterclaim.

The complaint alleges an agreement made by plaintiff's assignor with defendants that certain merchandise should be "consigned and delivered" to defendants as agents, to be sold as agents on account of the assignor, and to pay over to him each month after any sale so much of the price or sum at which said defendants had made such sales as would be equal to seventy per cent off the list price fixed upon said merchandise by the said Gray (the assignor) at the time the same was consigned by him to said defendants, and said defendants were to make such payments monthly after making such sales, whether the purchaser had or had not paid them for such purchase.

The complaint then alleges the delivery under such agreement of several items of merchandise with the prices fixed, a sale thereof by defendants of all, except a few items returned, a demand by this plaintiff for an accounting, a neglect and refusal by defendants, and asks for judgment in the sum of $230.58, and such further order and relief as may be just. The complaint does not allege an agreement that defendants should sell at any particular price or in any particular manner, for cash or on credit, or that defendant should be under any instructions touching sales, or that the proceeds of the sales, less commissions, etc., should be returned to plaintiff's assignor. Nor does the agreement contemplate a guaranty to the assignor of payment by the purchasers from defendants, but the agreement as alleged gives to the defendants the same discretion as an owner possesses, in all respects, as to prices, time and terms of sale, stipulating only for payment for the merchandise disposed of at a fixed price, monthly, after sales made.

The utmost which can be claimed, I think, for these allegations of the complaint is that they show ownership in the plaintiff, or his assignor, of the merchandise until a sale thereof by defendants; that defendants were agents of plaintiff, or his assignor, respecting the custody of the merchandise, up to the time of sale; that a sale sev-

ered both the ownership and agency, and thereafter, as to the proceeds of the merchandise sold, the relation between defendants and plaintiff or his assignor was that of debtor and creditor only. That there was no agency in defendants to collect payment for the merchandise sold, is apparent. That was the defendants' affair. They might collect, or they might make a donation to the purchaser, as they pleased. The defendants obligated themselves to *pay* plaintiff, or his assignor, a stated sum within a stated time for the merchandise *disposed of*. That was all; that was the limit of their obligation — their obligation exactly defined in the agreement. And this, it seems to me, defeats the pretense or inference of agency after the sale and touching the proceeds.

The language of the complaint, that defendants were to "sell as agents," or sell on account of the consignor, is, as to any inference to be drawn therefrom as to ownership of the proceeds of the sale, to be taken as qualified by the provision referred to as to payment for the merchandise by defendants personally.

As to the proof on trial : Plaintiff's assignor, who made the alleged verbal agreement, says: " He could sell for whatever he pleased ; I was to receive at the rate of seventy per cent off of the list prices. In other words, he was to account to me for that price." This is simply a case of merchandise received by defendants on sale or return. If disposed of, then to be paid for at the prices fixed in advance. If not disposed of, then to be returned. Beyond question the defendants had the right to appropriate the specific proceeds of such sales to their own use, and this right is wholly inconsistent with plaintiff's contention that defendants can be held on a charge of wrongful conversion of the proceeds of such sales.

The fiduciary relation existing between a commission agent for the sale of goods and his principal, as defined by ANDREWS, J., in *Baker* v. *N. Y. Nat. Bank* (100 N. Y. 31), does not exist here, for the reason that it does not extend to the proceeds of sales, and for the same reason defendants cannot be regarded as *del credere* agents or factors. They are principal debtors and not sureties for the purchasers.

In support of the conclusions here expressed the following taken from appellants' brief may be cited : *Ex parte White* [*Re Nevill*], (L. R. [6 Ch. App.] 397); *Nutter* v. *Wheeler* (2 Low. [Mass. U. S. Ct.],

346); *Re Linforth* (4 Saw. [U. S. 9th Ct.] 370); *Gindre* v. *Kean* (7 Misc. Rep. 582).

I am of the opinion that the learned referee erred in holding that the action sounded in tort and in excluding consideration of the counterclaim.

As the referee made no finding fixing the amount of the counterclaim, there must be a reversal.

All concurred.

Judgment reversed, referee discharged, and a new trial granted, costs to abide the event.